1 | MICHAEL A. BURKE, ESQ. (SBN 11527)
**ROBISON, BELAUSTEGUI, SHARP & LOW**
2 | 71 Washington Street
Reno, Nevada 89503
3 | Tele: (775) 329-3151
4
*Attorneys for Plaintiff*
5 | *WADE ANDERSON*

6 | **UNITED STATES DISTRICT COURT**

7 | **DISTRICT OF NEVADA – RENO**

8

9 | WADE ANDERSON, an individual,

10 |           Plaintiff,         Case No.: 3:17-cv-318-RCJ-VPC

      vs.

11 | TRUCKEE GAMING, LLC, a Delaware Limited

12 | Liability Company; GR REGENCY GAMING,
LLC; a Nevada Limited Liability Company;

13 | ZANTE, LLC, d/b/a SANDS REGENCY HOTEL

14 | AND CASINO, a Nevada Limited Liability
Company and DOES 1-10, inclusive,

15

          Defendants.

16

17 | <u>**STIPULATED PROTECTIVE ORDER**</u>

18 |     IT IS HEREBY STIPULATED AND AGREED by Plaintiff WADE ANDERSON

19 | ("Plaintiff"), by and through his attorney of record, Michael A. Burke, Esq., of Robison

20 | Belaustegui Sharp & Low and Defendants TRUCKEE GAMING, LLC, GR REGENCY

21 | GAMING, LLC, ZANTE, LLC, d/b/a SANDS REGENCY HOTEL AND CASINO

22 | ("Defendants") by and through their attorney of record Ellen Jean Winograd, Esq., of

23 | Woodburn and Wedge, that a Protective Order be entered by this Court as follows:

24 |                          **PROTECTIVE ORDER**

25 |     1.     Discovery in this action will require Plaintiff to provide documents to

26 | Defendants that contain information that is confidential and sensitive. Disclosure of this

27 | information could result in harm to Plaintiff. Although this information must be disclosed,

28 | Plaintiff is entitled to the protections described below.

Robison, Belaustegui,
Sharp & Low
71 Washington St.
Reno, NV 89503
(775) 329-3151

2.     In addition, Plaintiff and Defendants may seek other Confidential Material. This Protective Order shall apply to all documents, materials, and information that is sought by a party either from other parties to this litigation or from any third party with possession or custody of Confidential Material during discovery, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure. The Parties assert the disclosure of Confidential Material outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests, and could result in significant injury to a third party's privacy interests, as well as significantly erode the attorney-client privilege. The Parties have entered into this Stipulation and request the Court enter this Protective Order for the purpose of preventing the disclosure and use of Confidential Material except as set forth herein.

3.     As used in this Protective Order, the term "confidential information" means any documents, testimony, or other information for which protection from disclosure has been identified, requested or designated by any subsequent order of the Court relating to medical records.

4.     The term "disclosure" shall include the dissemination, communication, publication, or reproduction of any confidential material or the contents of the information contained therein, or the communication of any estimate or other information which facilitates the discovery of confidential information.

5.     As used in this Protective Order, the term "qualified persons" means (i) counsel of record for the parties to the litigation, including office associated, paralegal, and stenographic and clerical employees to whom disclosure is reasonably necessary; (ii) experts retained for the purpose of this litigation to whom disclosure is reasonably necessary and who have signed the Confidentiality Agreement, a form of which is attached hereto as EXHIBIT "1", (iii) parties to this action who have signed the Confidentiality Agreement, a form of which is attached hereto as EXHIBIT "1", and (iv)

1   court personnel, including stenographic reporters engaged in such proceedings as are

2   necessarily incident to this litigation.

3        6.        Confidential information shall be and remain confidential, and, except as

4   allowed by this Protective Order, may not be disclosed or communicated, nor used for

5   any purpose other than this litigation, including any appeals.

6        7.        Any and all documents containing confidential information must be

7   retained by counsel and not be disclosed or made available to any person other than a

8   qualified person who has read and acknowledged the terms of this Protective Order.

9   Similarly, the confidential information contained within those documents may not be

10   disclosed to any person other than a qualified person.  To the extent reasonably

11   necessary, copies of confidential documents may be provided to experts retained for the

12   purpose of this litigation to whom disclosure is reasonably necessary and who have

13   signed the Confidentiality Agreement.  Nothing in this Protective Order shall in any way

14   affect the admissibility at trial of any of the documents produced under this Protective

15   Order.

16        8.        Any person who is in possession of confidential information, or to whom

17   confidential information is disclosed, is responsible for ensuring that such confidential

18   information is not inadvertently disclosed by him or her.  Failure to take all reasonable

19   precautions to insure against such inadvertent disclosure will be viewed by the Court as

20   willful disobedience of this Protective Order, and will be punished accordingly.

21        9.        Counsel receiving confidential information may not disclose that

22   confidential information to any expert without first furnishing to that expert a copy of this

23   Protective Order and obtaining from that expert an executed Confidentiality Agreement,

24   a form of which is attached hereto as EXHIBIT "1".  The original of any such executed

25   Confidentiality Agreement must be retained in the office of counsel who retained the

26   expert.  Copies of any such executed Confidentiality Agreement must immediately be

27   served upon counsel for all other parties.

28        10.        Any person who executed a copy of the Confidentiality Agreement

Robison, Belaustegui,
Sharp & Low
71 Washington St.
Reno, NV 89503
(775) 329-3151

1   attached hereto submits to the jurisdiction of this Court for purposes of enforcement of

2   this Protective Order, either prior to or following trial of this action.  Jurisdiction of this

3   action is to be retained by this Court after final determination for purposes of enabling

4   any party or persons affected by this Protective Order to apply to the Court for such

5   direction or further decree as may be appropriate for the construction or enforcement of

6   this Protective Order or for such additional relief as may become appropriate.

7         11.    Nothing in this Protective Order precludes the disclosure of confidential

8   information to any person by Plaintiff, and any such disclosure will not be considered a

9   waiver of confidentiality by Plaintiff for purposes of this action.

10         12.    Before being copied for production, documents containing confidential

11   information must be marked "CONFIDENTIAL."

12         13.    Unless otherwise permitted by statute, rule or prior court order, papers

13   filed with the court under seal shall be accompanied by a contemporaneous motion for

14   leave to file those documents under seal, and shall be filed consistent with the court's

15   electronic filing procedures in accordance with Local Rule IA 10-5.  Notwithstanding any

16   agreement amount the parties, the party seeking to file a paper under seal bears the

17   burden of overcoming the presumption in favor of public access to papers filed in court.

18   *Kamakana v. City and Court of Honolulu*, 447 F. 2d 1172 (9th Cir. 2006); *Pinto v. Pac.*

19   *Creditors Ass'n*, 605 F.3d 665,677-78 (9th Cir. 2010).

20         14.    Nothing in this Protective Order precludes the deposition examination of

21   any person regarding confidential information of which they have knowledge.  All

22   transcripts of said deposition containing confidential information will be treated in

23   accordance with this Protective Order and when filed must be marked pursuant to the

24   procedure set forth in Paragraph 10, supra, and may be used in accordance with the

25   terms set forth in Paragraph 11, supra.

26         15.    Only qualified persons may attend deposition examination in this case;

27   except that when a deponent is being asked to provide, or is providing, confidential

28   information concerning the Plaintiff, no party (including a director, officer or employee

1   thereof) may attend that deposition, or portion thereof, unless counsel for all parties

2   agree otherwise.

3       16.    Any court reporter who transcribes testimony in this action at a deposition

4   shall agree, before transcribing any such testimony, that all testimony containing

5   confidential information is and shall remain confidential and shall not be disclosed

6   except as provided in this Protective Order and that copies of any transcript, reporter's

7   notes, or any other transcripts records of any such testimony will be retained in absolute

8   confidentiality and safekeeping by such shorthand reporter or delivered to attorneys of

9   record or filed with the Court.

10       17.    Nothing in this Protective Order requires a party to disclose confidential

11   information that the party also contends is protected from disclosure based upon a

12   privilege or for some reason other than the mere confidential nature of the document or

13   information.

14       18.    Upon the final determination of this action, counsel and all qualified

15   persons shall return any confidential information to Plaintiff, together with any copies of

16   confidential information.  Transcripts containing confidential information also must be

17   returned to Plaintiff. All notes or any other memorialization of the information contained

18   in the confidential material produced that are in the possession of Defendants' counsel

19   may be retained by Defendants' counsel, but shall be placed in a sealed envelope or

20   other container on the face of which shall be typed or printed:

21                                           **CONFIDENTIAL**

22                     The information contained herein is confidential and

23                     subject to a protective order issued by the United
States District Court, District of Nevada.  Anyone not

24                     permitted to review this information as set forth in the
protective order is in violation of that order, and may

25                     have sanctions imposed against him or her as the
Court may determine and allowable under law, and

26                     may also be subject to contempt of court proceedings.

27

28       19.    Anyone found to be in violation of this Order may have sanctions imposed

1  against him or her as the Court may determine and allowable under law, and may also

2  be subject to contempt of court proceedings.

3       DATED this __10th__ day of August, 2017.

4                                    ROBISON, BELAUSTEGUI, SHARP & LOW
                                     A Professional Corporation
5                                    71 Washington Street
                                     Reno, Nevada 89503
6

7                                    /s/ Michael A. Burke
                                     MICHAEL A. BURKE
8                                    *Attorneys for Plaintiff*

9       DATED this __10th__ day of August, 2017.

10                                   WOODBURN AND WEDGE
                                     6100 Neil Road, Suite 500
11                                   Reno, Nevada 89505

12                                   /s/ Ellen Jean Winograd
                                     ELLEN JEAN WINOGRAD
13                                   *Attorneys for Defendants*

14

15                                   **ORDER**

16  IT IS SO ORDERED this __11th__ day of August, 2017.

17

18                                   _____

19                                   United States Magistrate Judge

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

## CONFIDENTIALITY AGREEMENT

1.      I hereby acknowledge that I am about to receive confidential information supplied by Plaintiff WADE ANDERSON.

2.      I have read the Protective Order governing the restricted use of confidential information in this litigation, a copy of which has been provided to me. I agree to be bound by the terms thereof.

3.      I will not use any documents marked with the legend "CONFIDENTIAL" or any information contained therein for any purpose other than litigation involving WADE ANDERSON and TRUCKEE GAMING, LLC, GR REGENCY GAMING, LLC, ZANTE, LLC, d/b/a SANDS REGENCY HOTEL AND CASINO. I further affirm that I will not reveal any confidential information to, nor discuss it with, any other person except in accordance with the terms of the Protective Order.

4.      At the termination of this litigation, I will return all documents containing confidential information as required by the Protective Order.

5.      I submit to the jurisdiction of this Court for the purposes of enforcement of the Protective Order, either prior to or following trial of this action.

DATED: This _____ day of _____. 20____.

_____
Signature

_____
Type or print name of individual

Robison, Belaustegui,
Sharp & Low
71 Washington St.
Reno, NV 89503
(775) 329-3151